# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6887 | **DATE** | 4/20/2004 |
| **CASE TITLE** | IVANHOE FINANCIAL, INC. Vs MORTGAGE ESSENTIALS, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendants motion to dismiss count IV is denied.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | 4-21-04 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | G.Y. docketing deputy initials | 21 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| | LG courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

IVANHOE FINANCIAL, INC., )
)
Plaintiff, )
)
vs. ) No. 03 C 6887
)
MORTGAGE ESSENTIALS, INC., and )
VIKI HETTINGER, )
)
Defendants. )

DOCKETED
APR 2 1 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff brought an eight-count complaint against defendants alleging that they conspired to submit fraudulent mortgage applications. Defendants filed a motion to dismiss counts IV, V, VI and VIII of the complaint. Plaintiff agreed to voluntarily withdraw counts V, VI and VIII, leaving count IV as the sole remaining subject of this motion. For the following reasons, defendants' motion is denied.

## BACKGROUND

Plaintiff Ivanhoe Financial, Inc. (Ivanhoe) is an Illinois licensed mortgage banker. Defendant Viki Hettinger is the president, secretary and an owner of defendant Mortgage Essentials, an Illinois licensed mortgage broker. In August 2002, the parties reached an agreement whereby Mortgage Essentials would submit mortgage loan applications to Ivanhoe for possible funding. The contract made Mortgage Essentials responsible for the accurate preparation of the loan applications and allowed Ivanhoe to require Mortgage Essentials to repurchase loans if any of the terms were breached.

Plaintiff alleges that defendants engaged in a scheme to get Ivanhoe to fund loan application packages containing false and fraudulent information. According to Ivanhoe, it

2\

relied on false information provided by defendants when funding two loans, but discovered the fraud before making any further loans. The defendants have allegedly refused to repurchase the fraudulently obtained loans.

## DISCUSSION

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the court assumes the truth of all well-pleaded allegations, making all inferences in the plaintiff's favor. Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund, 25 F.3d 417, 420 (7th Cir. 1994). The court should dismiss a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). While the complaint does not need to provide the correct legal theory to withstand a Rule 12(b)(6) motion, it must allege all of the elements necessary to recover. Ellsworth v. City of Racine, 774 F.2d 182, 184 (7th Cir. 1985), *cert. denied*, 475 U.S. 1047 (1986).

In count IV of its complaint, plaintiff alleges deceptive trade practices pursuant to the Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS 505/2 (ICFA). To state a claim pursuant to section 2 of the ICFA, plaintiff must plead (1) a deceptive act or practice by defendants; (2) that defendants intended for plaintiff to rely on that deception; (3) that it occurred in the course of commerce; and (4) that the deception caused injury. DeLeon v. Beneficial Const. Co., 55 F. Supp. 2d 819, 825 (N.D. Ill. 1999). The only issue here is whether plaintiff is protected as a consumer by the ICFA.

"The term 'consumer' means any person who purchases or contracts for the purchase of merchandise not for resale in the ordinary course of his trade or business but for his use or that of a member of his household." 815 ILCS 505/1(e). The ICFA is intended to be liberally

construed and may apply to businesses as well as individuals. *See* Downers Grove Volkswagon, Inc. v. Wigglesworth Imports, Inc., 546 N.E.2d 33, 40-41 (Ill. App. 2$^d$ Dist. 1989). When a plaintiff pleads that it was the party actually harmed by the defendant, it does not need to show a nexus between the alleged conduct and consumer protection concerns. Duchossis Industries, Inc. v. Crawford & Co., 2001 WL 59031, *3 (N.D. Ill.).

Defendants argue that plaintiff essentially resold the services provided by Mortgage Essentials to its customers. Merely purchasing component parts for incorporation into a final product does not make a party a consumer. Pressalite Corp. v. Matshusita Elec. Corp. of America, 2003 WL 1811530, *10 (N.D. Ill. 2003). In Stepan Co. v. Winter Panel Corp., 948 F. Supp. 802 (N.D. Ill. 1996), the counter-plaintiff filed a claim against the plaintiff alleging that it fraudulently breached its contract to supply counter-plaintiff with Stepanfoam chemicals necessary to manufacture insulating panels. *Id.* at 805. Because the Stepanfoam was incorporated into the panels that were sold to customers of Winter Panel, the court determined that the counter-plaintiff was not a consumer as defined by the ICFA. *Id.* at 806-07. Because the goods were purchased primarily for the purpose of resale and there was no consumer nexus, the claim was dismissed. *Id.*

Here, plaintiff did not incorporate Mortgage Essentials into any type of a finished product. Instead, it used a mortgage broker to help find suitable potential borrowers. Mortgage Essentials marketed these services to plaintiff and other similar lenders. Essentially, Mortgage Essentials had two groups of customers: potential borrowers who completed loan applications and potential lenders who relied on Mortgage Essentials to ensure that the information in those applications was reliable. Both groups were consumers of Mortgage

Essentials' services and could therefore bring suit pursuant to the ICFA.

Defendants next argue that plaintiff does not have standing to sue because the ICFA protects only Illinois residents. This argument, however, rests on a misunderstanding of the case law. In Swartz v. Schaub, 818 F. Supp. 1214 (N.D. Ill. 1993), the court stated that the ICFA "is intended to deal only with the impact of the statutorily prohibited practices on *Illinois* consumers" (emphasis in original). In that case, Judge Shadur relied on his earlier decision in Seaboard Seed Co. v. Bemis Co., Inc., 632 F. Supp. 1133, 1140 (N.D. Ill. 1986), in which he granted the defendant's motion for summary judgment because plaintiff could not show any impact to Illinois consumers. What is important in determining whether a plaintiff has standing to sue under the ICFA is not its residency, but the State of Illinois' interest in protecting its consumers. Avery v. State Farm Mut. Auto. Ins. Co., 746 N.E.2d 1242, 1254 (Ill. App. 5th Dist. 2001) ("To deny an out-of-state plaintiff a remedy against a resident of Illinois would violate the legislative directive that the CFA be liberally construed to achieve its remedial purposes."). Mortgage Essentials is licensed to do business in Illinois and the application packages in question were filed in Illinois and concerned Illinois property. As a result, Illinois' interest in consumer protection is directly implicated.

## CONCLUSION

For the foregoing reasons, defendants motion to dismiss count IV is denied.

JAMES B. MORAN
Senior Judge, U. S. District Court

April 20, 2004.